UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**Tammy Smith and Brittany Lowe,**                               Docket #:

                **Plaintiff,**

       - against -                                                  **COMPLAINT**

**Town of Patterson, Town of Patterson Supervisor Rich Williams, in his individual and official capacity and JOHN DOES 1-10, the names being fictitious and presently unknown, all of whom are named individually and in their capacity as agents and/or employees of Town of Patterson,**

                **Defendants.**
-----------------------------------------------------------------X

Plaintiffs, by and through their attorneys, the Law Offices of Gambino & Demers, LLC, complaining of the Defendants, respectfully allege as follows:

## NATURE OF ACTION, JURISDICTION AND VENUE

1.  This is a civil action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, and pendent claims under the Constitution and Laws of the State of New York.

2.  The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, 29 U.S.C. § 626(c)(1) and 29 U.S.C. § 216.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiffs herein at all times mentioned were employed by Defendants as Court Clerks in the Town of Patterson Justice Court.

5.  Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 to remedy the defendants'

willful and unlawful violations of federal law complained of herein.

6. Plaintiffs have been identified in the caption of the Complaint and has given their written consent to be party in this action pursuant to 29 U.S.C. § 216(b).

7. The Plaintiffs in this action while employed by Defendants has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).

8. Defendant is an entity subject to suit under FLSA, and was at times material herein, a public agency within the meaning of section 3(x) of the FLSA, 29 U.S.C. § 203(x).

9. Defendant has its principal place of business located at 1142 NY 311, Patterson, NY 12563.

10. Plaintiff Tammy Smith resides at 8 1st Street, Patterson NY 12563 and Plaintiff Brittany Lowe resides at 69 Mill Street, Dover Plains, NY 12522.

## PRELIMIANRY STATEMENT

11. This Complaint centers around the conduct of Town of Patterson Supervisor Rich Williams with respect to the operation of the Town of Patterson and Town of Patterson Justice Court, the productivity mandates being imposed upon the Court Clerks as tied to their salaries, denial of pay to the Clerks unless 40 fines are being paid per court date and the unlawful unilateral change in designation of the Court Clerks from hourly employees to salaried employees in a misguided and unlawful attempt to circumvent FLSA and NYS DOL guidelines.

## ALLEGATIONS

12. Tammy Smith has worked as a Clerk for the Town of Patterson Justice Court since January of 2011.

13. Brittany Lowe has worked as a Clerk for the Town of Patterson Justice Court since September 3, 2013.

14. Tammy Smith was initially hired by Judge King and Brittany Lowe was initially hired by Judge Mole.

15. At the time of their hire, Plaintiffs were informed of their duties and responsibilities.

16. At the time of their hire, Plaintiffs' employment and salary was not conditioned upon the amount of revenue generated to the Town of Patterson as a result of case prosecutions in the Town of Patterson Justice Court.

17. Defendant Supervisor Rich Williams subsequently implemented a requirement that Plaintiffs generate income through prosecutions within the Town of Patterson Justice Court.

18. The Court received a mid-year review on September 25, 2019 that outlined the operations of the court putting emphasis on the decrease of revenue generated by the Town of Patterson Justice Court, which Supervisor William attributed toward the reduction of fines being paid to the Town.

19. The Town then issued its Preliminary Budget, which showed the Clerks receiving a 5.0% decrease in pay while other select individuals favored by Supervisor Williams received significant pay increases as high as 12.8%, including his girlfriend who received an 8.8% increase.

20. Plaintiffs' wages have consistently been reduced as Defendant Williams was dissatisfied with the amount of money being generated by the Court through fine imposition.

21. The Town of Patterson 2020 Budget included a stipend to the Plaintiffs contingent upon 40 "transactions" being processed per court date.

22. When Defendant Williams was asked by Plaintiffs what is defined as a "transaction," his response was "we all know what that means."

23. This was taken by Plaintiffs to mean every case being processed that included a fine payable to the Town would be considered a transaction.

24. If less than 40 cases resulting in fines were not processed per night, the Clerks would not be paid for their time worked.

25. Upon information and belief, Defendant Williams requested the local State Police to write more summonses to generate more income for the Town.

26. Plaintiff were not paid if they work less than two hours per Court date, thus requiring them to generate at least 40 transaction and work at least two hours to get their "stipend."

27. In February of 2017, the Tow of Patterson Justice Court received an email from Defendant Williams stating that "the clerks are blowing through the budget with overtime and at this rate we will be out of money by November," which resulted in the elimination of a few courts dates to avoid that issue.

28. In December 2018, Defendant Williams fired the Town Prosecutor to "break up the team," which he claimed to be Plaintiffs herein and the former Town Prosecutor.

29. Defendant Williams made it clear that he wanted Plaintiffs fired despite them never being the subject of work related disciplined.

30. The Plaintiffs herein had been designated as hourly employees with FSA protection and benefits at the time of their hire.

31. Defendant Williams unilaterally changed the Clerks from hourly employees to salaried employees.

32. Notwithstanding the change in designation to salaried employees, Plaintiffs were still treated as hourly employees while being denied FLSA and New York Labor Law protections and benefits, including overtime pay and accumulation of FLSA time.

33. Defendant Williams thereafter did not permit Plaintiffs to use their accumulated "flex time" or roll it over.

34. After making inquiry of the Town Comptroller during an audit regarding accumulated flex time, the Comptroller informed Tammy Smith that just because it was offered does not mean they get to use it.

35. This policy of the Town effectively caused Plaintiffs to work for no compensation at all.

36. Defendant Williams issued a policy directive on March 25, 2019 mandating that flex time be used within the same payroll period earned and may not be extended without approval from two Town Board members.

37. This policy caused Plaintiffs to work without pay as it is not possible for them to use the accrued time within the same payroll period.

38. Defendants have permitted violations of FLSA 29 U.S.C. §§ 207 (a) and (o) by, among other things: failing to compensate Plaintiffs for such work activities as stated above; failing to pay Plaintiffs overtime compensation; refusing to pay Plaintiffs for work performed during meal periods; failing to pay out accrued compensatory time when Plaintiff left employment with Defendants; failing to properly designate compensatory time as FLSA time; and, failing to provide FLSA protection to earned compensatory time.

39. During the course of the COVID19 pandemic, Tammy Smith was required to isolate from November 9, 2020 through November 19, 2020. During this period of isolation,

Defendants required Plaintiff Smith to utilize her own accrued sick leave rather than paying her for this required isolation period.

40. As a result of Plaintiffs' opposition to Defendants' actions as alleged herein, Plaintiffs were compelled to leave their employment with Defendants.

41. Defendants created and permitted a work environment where Plaintiffs were not treated in a profession, equal or collegial fashion.

42. The Defendants' actions as alleged herein have caused Plaintiffs severe distress and physical manifestations of that stress, humiliation and insult to dignity.

43. The Defendants' actions as alleged herein have limited Plaintiffs' career opportunities.

44. As a result of Defendants' actions as alleged herein, Plaintiff Tammy Smith was constructively discharged from employment with defendants on or about May 17, 2021.

45. As a result of Defendants' actions as alleged herein, Plaintiff Brittany Lowe was constructively discharged from employment with defendants on or about July 16, 2020.

**AS AND FOR A FIRST CAUSE OF ACTION
PURSUANT TO FLSA**

46. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

47. FLSA requires payment of overtime to employees who work in excess of the hourly standards set forth therein.

48. 29 U.S.C. § 207(a) requires the payment of overtime compensation at a rate of one and one-half times an employee's regular rate of pay for all hours worked in excess of forty hours per week.

49.    Defendants have failed to comply with the FLSA overtime requirements as stated herein.

50.    Defendants have caused Plaintiffs to work without pay.

51.    By failing and refusing to pay the Plaintiffs overtime pay required by law or to pay Plaintiffs for all work performed, the Defendants have, and continue to, willfully and intentionally violate the provisions of FLSA.

52.    Defendants pay practices as alleged herein violate 29 U.S.C. § 207.

53.    This action is intended to remedy the FLSA violations committed by Defendants against Plaintiffs for the maximum time period permitted under law.

54.    At all times material herein, the Plaintiff has been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

55.    As a result of Defendants willful and intentional violations of FLSA, there has become due and owing to the Plaintiffs an amount that has not yet been precisely determined.

56.    The employment and work records for the Plaintiff are in the exclusive possession, custody and control of Defendants and the Plaintiff is thus unable to state at this time the exact amount owing to each Plaintiff. However, these damages are the direct result of Plaintiffs performing services for Defendant and not receiving compensation for said services.

57.    Defendants are under a duty pursuant to 29 U.S.C. § 211(c), and other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs from which the amount of Defendants' liability can be ascertained.

58.    Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to their back-pay damages for the Defendants' failure to pay overtime

compensation. Additionally, Plaintiff is entitled to an award of interest on his back-pay damages until such time damages are paid.

59. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover attorneys' fees and costs associated with this action.

60. Plaintiffs are non-exempt employee within the meaning of FLSA based upon the Defendant's employment practices.

61. Based upon the foregoing, Plaintiff seeks damages to be determined based upon the provisions of FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION

62. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

63. As a result of the Defendants'' actions as alleged herein, Plaintiffs felt compelled to resign their employment with Defendants'.

64. Plaintiffs have been wrongfully constructively discharged from their employment with Defendants.

64. The Defendants' actions as alleged herein were so adverse that a reasonable person, such as Plaintiffs herein, would have felt compelled to resign their employment with Defendants.

65. The Defendants herein, individually and/or collectively, intended to create such a hostile work environment, as alleged herein, so as to force Plaintiffs to resign their employment.

66. The Defendants herein, individually and/or collectively had actual knowledge of the intolerable work conditions they created.

8

67. Based upon the foregoing, Plaintiffs seek damages in an amount to be determined after trial, believed to be in excess of One Million dollars.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**WHEREFORE,** Plaintiffs request the following relief jointly and severally as against all of the Defendants:

1) Judgment declaring that the Defendants have willfully and wrongfully violated their statutory obligations and deprived Plaintiff of their rights;

2) Order directing a complete and accurate accounting of all compensation to which Plaintiffs are entitled;

3) Back pay for lost wages and benefits, prejudgment interest on the back pay award, front pay in lieu of reinstatement, compensatory damages, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses, and damages provided pursuant to statute;

4) Award Plaintiff monetary liquidated damages equal to their unpaid compensation;

5) Award Plaintiff punitive damages;

6) Award Plaintiffs interest on their unpaid compensation;

7) Award Plaintiffs their reasonable attorney's fees to be paid by the Defendants, plus the costs and disbursements of this action;

8) An Order enjoining Defendants from engaging in further acts in violation of FLSA; and,

      9)    such other and further relief as this Court may deem just and proper.

Dated:    December 1, 2021
             Poughkeepsie, New York

                          Respectfully submitted

                          LAW OFFICE OF GAMBINO & DEMERS, LLC
                          Attorneys for Plaintiffs
                          222 Church Street
                          Poughkeepsie, NY 12601
                          (845) 473-0427

                          */s Thomas M. Gambino (TG6332)*
                By:_____
                          THOMAS M. GAMBINO, ESQ. (TG6332)