```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/17/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMMY SMITH and BRITTANY LOWE,

                Plaintiffs,

-against-

TOWN OF PATTERSON, et al.,

                Defendants.

22-cv-313 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiffs Tammy Smith and Brittany Lowe ("Plaintiffs") commenced the instant action against Defendants Town of Patterson ("Town of Patterson"), Town of Patterson Supervisor Rich Williams ("Supervisor Williams"), and John Does 1-10 (collectively, "Defendants") alleging claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Complaint ("Compl.") (ECF No. 2).) Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs' subsequently-filed cross-motion to amend the Complaint. (ECF Nos. 16 & 21.) For the following reasons, this Court GRANTS Defendants' motion to dismiss and DENIES in part and GRANTS in part Plaintiffs' cross-motion to amend.

## BACKGROUND

    The following facts are derived from the Complaint and are accepted as true for the purposes of this motion except as otherwise noted.

    Plaintiffs were employed by the Town of Patterson as Court Clerks at the Town of Patterson Justice Court. (Compl. at ¶ 4.) Plaintiff Smith worked as a Court Clerk for the Town of Patterson from January 2011 through May 17, 2021. (*Id.* at ¶¶ 12, 44.) Plaintiff Lowe worked as a Court Clerk from September 3, 2013 through July 16, 2020. (*Id.* at ¶¶ 13, 45.) Plaintiffs were initially hired as hourly employees, and their wages were not "conditioned upon the amount of revenue

generated by the Town of Patterson as a result of case prosecutions in the Town of Patterson Justice Court." (*Id.* at ¶¶ 16, 30.)

In or around December 2018, Plaintiffs were re-classified as "salaried" employees. (*Id.* at ¶¶ 28–31.) As salaried employees, Plaintiffs received two forms of compensation: (1) a salary "not conditioned upon" revenue generated for the Town, and (2) a stipend for each court date Plaintiffs attended. (*Id.* at ¶¶ 16, 19–21.) Plaintiffs allege that Supervisor Williams—who was "dissatisfied with the amount of money being generated by the Court through fine imposition"—proposed a Preliminary Budget for 2020 which (1) reduced Plaintiffs' salary by 5.0% and (2) conditioned Plaintiffs' stipends on performance metrics. (*Id.* at ¶¶ 16, 19–21, 23–24, 26.) Specifically, Plaintiffs only earned a stipend for a respective court date when Plaintiffs "worked for at least two hours" and processed at least 40 "cases resulting in fines." (*Id.* at ¶¶ 25–26.)

After Plaintiffs were re-classified as "salaried" employees, Plaintiffs allege Defendants prevented Plaintiffs from using their accumulated "flex time" or "roll[ing] it over." (*Id.* at ¶ 33.) To that end, Defendant Williams issued a policy memorandum on March 25, 2019 directing employees to use their "flex time" within the same payroll period it was accrued. (*Id.* at ¶ 36.) Defendants, Plaintiffs allege, used their new "flex time" policy to force Plaintiffs to "work without pay as it is not possible for them to use the accrued time within the same payroll period." (*Id.* at ¶ 37.)

In sum, Plaintiffs assert that Defendants failed to pay Plaintiffs overtime compensation and refused to pay Plaintiffs for work performed during meal periods. (*Id.* at ¶ 38.) Plaintiffs also assert that Defendants failed to pay accrued compensatory time when Plaintiffs left employment with Defendants and otherwise did not provide FLSA protection to earned compensatory time. (*Id.* at ¶ 38.) In addition, Plaintiffs allege that after they "ma[de] inquiry" to the Town regarding "flex time," they were "compelled to leave their employment with Defendants." (*Id.* at ¶¶ 34, 40.)

**LEGAL STANDARDS**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

**DISCUSSION**

Plaintiffs bring two claims against Defendants: (1) violations of FLSA Section 207 for unpaid overtime compensation; and (2) constructive discharge. The Court addresses each in turn.

**I.   Fair Labor Standards Act § 207(a): Recovery of Unpaid Overtime Compensation**

Section 207(a)(1) of FLSA protects an employee who works "in excess of" 40 hours in a workweek.[1] Section 207(a)(1) does so by mandating an employer compensate that employee for

---

[1] This Court assumes *arguendo* that Plaintiffs are indeed non-exempt employees subject to Section 207(a)(1) of FLSA. Because "application of an exemption to FLSA is an affirmative defense," it may be raised by Defendants in a Rule 12(b)(6) motion "if the defense appears on the face of the complaint." *Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81 (2d Cir. 2015). A plaintiff, however, need not "plead the absence of such a defense." *Id.* ("[A]n employer invoking an exemption to the FLSA bears the burden of proving that the establishment is covered by the exemption.") Here, Plaintiffs do not allege facts to establish an exemption to FLSA as an affirmative defense (*see generally* Compl.), and Defendants make clear their motion is not based on any purported exemption (*see* ECF No. 20 at 3–4).

each overtime hour "at a rate not less than one and one-half times the regular rate" for that employee. To state a FLSA overtime claim, a plaintiff "must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113–14 (2d Cir. 2013). The Second Circuit elaborated on this standard in a trio of cases.

First, in *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013), the Second Circuit considered "the degree of specificity needed to state an overtime claim under FLSA." *Id.* at 114. It concluded that a "plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id.* In so doing, the Court affirmed the lower court's dismissal of a complaint in which plaintiff alleged she "typically" worked 37.5 hours per week in addition to an "occasional" 12.5-hour shift. *Id.* at 114. She did not allege "how occasionally or how long" she worked in any particular week, "nor [did] she say that she was denied overtime pay in any such particular week." *Id.* at 115. As such, the Court explained her allegations "suppl[ied] noting but low-octane fuel for speculation, not the plausible claim that is required." *Id.*

Second, in *Nakahata v. New York–Presbyterian Healthcare System*, 723 F.3d 192 (2d Cir. 2013), the Second Circuit applied its decision in *Lundy* to affirm the lower court's dismissal of plaintiffs' FLSA overtime claim. *Nakahata*, 723 F.3d at 199–201. Plaintiffs alleged they "were not compensated for work performed during meal breaks, before and after shifts, or during required trainings." *Id.* at 201. The Court was unsatisfied, finding that plaintiffs' allegations were less specific than those dismissed in *Lundy* and only "raise[d] the possibility that plaintiffs were undercompensated in violation of the FLSA." *Id.* The Court explained that plaintiffs failed to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.*

4

Lastly, in *DeJesus v. HF Management Services*, 726 F.3d 85 (2d Cir. 2013), the Second Circuit again affirmed dismissal of a FLSA overtime claim where plaintiffs alleged they worked more than 40 hours "some or all weeks" without receiving overtime compensation. *DeJesus*, 726 F.3d at 88–90. These allegations were formulated so as to not state an "ultimate legal conclusion," yet they were "nevertheless so threadbare or speculative that [they] failed to cross the line between the conclusory and the factual." *Id.* at 89 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (affirming dismissal of allegations that plaintiffs had "regularly worked" more than 40 hours a week and were not properly compensated)). The Court clarified that it did not require plaintiffs to "keep careful records and plead their hours with mathematical precision," but it did require plaintiffs to "draw" upon their "memory and experience" to "provid[e] complaints with sufficiently developed factual allegations." *Id.* at 90.

Plaintiffs' allegations do not meet the pleading requirements set forth by the Second Circuit. Taking the complaint on its face, Plaintiffs fail to approximate the number of overtime hours worked or the amount of wages due. Plaintiffs allege facts with less specificity than those dismissed in *Lundy*. Plaintiffs do not state the number of hours they work in a given week, the frequency of court dates, or the average length of a court session. Moreover, Plaintiffs do not state the number of weeks in which scheduled court dates caused Plaintiffs to work in excess of 40 hours. Without more, this Court cannot identify if Plaintiffs ever worked a long enough court session to push their workweek beyond 40 hours. Even if Plaintiffs properly stated the number of excess hours, they do not allege for which court dates, if any, Plaintiffs failed to work two hours or generate 40 "transactions." (See Compl. at ¶¶ 24, 26.) Without that information, this Court cannot assess whether Defendants ever failed to pay Plaintiffs for overtime work. Although Plaintiffs were not required to "keep careful records," Plaintiffs' allegations read more like the

5

elements of the claim itself rather than facts "draw[n]" from Plaintiffs' "memory and experience." *DeJesus*, 726 F.3d at 90. As such, this Court dismisses Plaintiffs' FLSA overtime claims.

This Court now turns to Plaintiffs' claims for constructive discharge.

## II. Constructive Discharge

Plaintiffs bring claims for constructive discharge. It is unclear from the face of the Complaint whether Plaintiffs bring these claims under federal or state law. As a result, this Court addresses both in turn.

### A. Fair Labor Standards Act § 215(a): Retaliation for Protected Activity

Section 215(a)(1) of FLSA prohibits retaliation against an employee for engaging in protected activity. To state a claim for retaliation under FLSA, a plaintiff must show: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010). An individual engages in protected activity when that individual "explicitly or implicitly communicates to his or her employer or other covered entity a belief that its activity is unlawful." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015) (internal quotations omitted) (quoting 2 EEOC Compliance Manual, Section 8: Retaliation § 8–II(B)(1) (May 20, 1998)). Although an individual need not "invoke the Act by name," *id.* at 116, a complaint must "be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Plaintiffs do not allege they participated in "protected activity," and thus they fail to state a plausible claim under FLSA. At best, Plaintiffs allege they "inquire[d]" about "flex time" during a Town audit. (Compl. at ¶ 33.) Plaintiffs' "inquiry" falls well short of an "assertion of rights

6

protected by" FLSA. *See Kasten*, 563 U.S. at 14 (cautioning employers to avoid retaliatory action "where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns"). Even if Plaintiffs engaged in protected activity, Plaintiffs fail to establish any temporal proximity between the protected activity and their "constructive[ ] discharge[ ]." (Compl. at ¶¶ 44–45.) This is so in part because Plaintiffs provide no information as to when they "made inquiry" to Defendants. (*Id.* at ¶ 34.) Read generously, however, the Complaint appears to suggest Plaintiffs' alleged "protected activity" took place before March 25, 2019. (*See id.* at ¶¶ 29–36.) Plaintiff Smith and Lowe allege they were "constructively discharged" two years and two months and one year and four months after the alleged protected activity (*id.* at ¶¶ 44–45), respectively, "thus undermining any causal nexus based on temporal proximity." *Chang v. Safe Horizons*, 254 F. App'x 838, 839 (2d Cir. 2007) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

Accordingly, Plaintiffs fail to state a FLSA retaliation claim.

### B. State Law Claim for Retaliation

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). With the dismissal of Plaintiffs' FLSA overtime and retaliation claims, there remains no independent jurisdictional basis for Plaintiffs' remaining state law claims for retaliation (to the extent they were alleged in the first place). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). In addition, where the federal claims are dismissed at an early stage in the litigation, the Second Circuit has generally held that it is inappropriate for the district court

to exercise supplemental jurisdiction. *See, e.g., Giordano v. City of New York*, 274 F.3d 740, 754–55 (2d Cir. 2001); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998); *Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund*, 937 F.2d 752, 758 (2d Cir. 1991).

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against Defendants.

### III. Plaintiffs' Motion to Amend the Complaint

In the event the Complaint is dismissed, Plaintiffs request this Court grant leave to file an Amended Complaint. (ECF No. 21.) To that end, Plaintiffs filed a Proposed Amended Complaint. (Proposed Amended Complaint ("PAC") (ECF No. 22-9).)

A district court may deny leave to amend when amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Milanese v. Rust—Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility."). A proposed amendment is "futile" and thus must be denied where it "fail[s] to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015) (internal quotation marks and citation omitted).

Here, Plaintiffs propose a number of new allegations. These new allegations, however, do little to move Plaintiffs' claims from "conceivable" to "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For example, Plaintiffs allege they "regularly worked in excess of 40 hours per week but were denied overtime for hours worked in excess of 40 hours." (PAC at ¶ 42.) Moreover, Plaintiffs also allege they worked "beyond the end of the Court calendar but were denied payment for those hours worked" and that they were "required to work during lunch without pay." (*Id.* at ¶ 43, 45.) Similar to the original Complaint, these allegations again leave out crucial details:

8

the number of hours Plaintiffs work in a given week; the frequency of court dates; the average length of a court session; the number of weeks in which scheduled court dates caused Plaintiffs to work in excess of forty hours; and for which court dates, if any, Plaintiffs failed to work two hours and generate 40 "transactions." (*See id.* at ¶ 26.)

Plaintiffs attach exhibits to buttress their claims, but the exhibits provide little clarity. In fact, Exhibit A to the PAC, a memorandum from Supervision Williams to the Town Board dated September 25, 2019, suggests court dates occur "on average" twice a month for an average duration of 2.6 hours. (ECF No. 22-9 at 14.) Considered alongside Exhibit C, a memorandum from the Town Board to Plaintiffs dated December 28, 2018, it appears Plaintiffs were scheduled to work 37.5-hour workweeks. (*Id.* at 18.) They only worked more than their standard 37.5-hour workweek twice a month "on average," and it is unclear when and if they worked enough hours to exceed a 40-hour workweek. Moreover, even if they did exceed a 40-hour workweek, Plaintiffs do not allege when and if they met the criteria for receiving a stipend for court attendance. Without more specificity, Plaintiffs' PAC fails to state a FLSA overtime claim.

Plaintiffs' PAC also fails to state a FLSA retaliation claim. Although Plaintiffs now allege they made a "complaint," not an "inquiry," into the Town's alleged "FLSA violations," they still fail to articulate when this complaint was made and the substance of the complaint. (*Compare* Compl. at ¶ 34 *with* PAC at ¶ 34, 40.) More importantly, Plaintiffs' new allegations suffer from the same defect as the original: the distance between the alleged protected activity and constructive discharge spans more than a year, "thus undermining any causal nexus based on temporal proximity." *Chang v. Safe Horizons*, 254 F. App'x 838, 839 (2d Cir. 2007). Plaintiffs' threadbare factual allegations—that "Defendants thereafter retaliated against Plaintiffs by creating a work environment so hostile as to compel Plaintiffs to leave their employment" (PAC at ¶ 41)—are

9

insufficient to show how Plaintiffs' complaint led to their constructive discharge over a year later. Plaintiffs' PAC fails to state a FLSA retaliation claim.

Because Plaintiffs' PAC fails to state a claim, this Court denies the PAC as "futile." This Court, however, acknowledges that the problems with the PAC may be cured with "better pleading" in accordance with this Opinion. *Cuoco*, 222 F.3d at 112. Plaintiffs are thus granted leave to replead any claims that were dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. All of Plaintiffs' claims are dismissed without prejudice. Plaintiffs' motion to amend the Complaint is DENIED in part and GRANTED in part. Plaintiffs' motion to amend the Complaint is DENIED as futile insofar as Plaintiffs seek leave to file the Proposed Amended Complaint. Plaintiffs' motion to amend the Complaint is otherwise GRANTED in accordance with this Opinion.

Plaintiffs are granted leave to replead any claims that were dismissed without prejudice. They may file an Amended Complaint consistent with this Opinion on or before February 17, 2023. Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal with prejudice of all claims that this Court has dismissed without prejudice in this Opinion. If Plaintiffs do file an Amended Complaint, Defendants are directed to file an answer or otherwise respond to the Amended Complaint on or before March 10, 2023.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 16 and 21.

SO ORDERED:

Dated: January 17, 2023
White Plains, New York

NELSON S. ROMÁN
United States District Judge