UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TAMMY SMITH and BRITTANY LOWE,

                Plaintiffs,

-against-

TOWN OF PATTERSON, TOWN OF
PATTERSON SUPERVISOR RICH
WILLIAMS, in his individual and official
capacity and JOHN DOES 1-10, the names
being fictitious and presently unknown, all
of whom are named individually and in their
capacity as agents and/or employees of Town
of Patterson,

                Defendants.
------------------------------------------------------------X

**ORDER**

22 Civ. 00313 (JCM)

      Plaintiffs Tammy Smith and Brittany Lowe ("Plaintiffs") commenced this action against Defendants Town of Patterson and Town of Patterson Supervisor Rich Williams ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), as well as retaliation resulting in Plaintiffs' constructive discharge. (Docket Nos. 2, 26). Defendants denied these allegations. (Docket No. 28). On December 14, 2023, the parties participated in a settlement conference with the undersigned and reached a settlement. On January 16, 2024, the parties submitted a Settlement Agreement and Release ("Agreement") for the Court's review, (Docket No. 47-1), accompanied by a joint letter in support of the Agreement, (Docket No. 47), as well as attorney's time records and costs, (Docket No. 47-3).[1] On February 9, 2024, the parties submitted a revised

---

[1] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) on December 15, 2023. (Docket No. 46).

Settlement Agreement and Release ("Revised Agreement"), (Docket No. 49-1), which no longer includes a "No Media" clause.[2]

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Based on my review of the Revised Agreement, the letter in support, and the documentation supporting the reasonableness of the attorney's fees and costs, I find the Revised Agreement was the product of arm's-length negotiations between able counsel and that the terms of the Revised Agreement, including the approval of Plaintiffs' counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable

---

[2] During a telephone conference on February 2, 2024, the Court informed the parties that it had reviewed their joint submission, but would not approve the Agreement because it included a "No Media" clause that prohibits the parties from disclosing the terms of the settlement on certain media outlets and platforms. "Such a provision runs afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Alvarez v. Schnipper Restaurants LLC,* 16 Civ. 5779 (ER), 2019 WL 5682633, at * 4 (S.D.N.Y. Nov. 1, 2019) (internal quotations omitted).

compromise over contested issues, the court should approve the settlement.") (citations omitted).

Accordingly, the Court approves the settlement and dismisses the matter with prejudice.

    The Clerk is respectfully requested to close the case.

Dated:  February 16, 2024
          White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge